IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAINE TATE,<br>*Petitioner*,<br>v.<br>WARDEN, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-191<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 4). Petitioner, a citizen of Jamaica, entered the United States in 1998 on a nonimmigrant visitor visa. (ECF No. 10-1). In July of 2018, he was sentenced to imprisonment for ten years following his convictions for conspiring to distribute controlled substances. (*Id*.). Since March 20, 2025, he has been detained by U.S. Immigration and Customs Enforcement at the Moshannon Valley Processing Center ("MVPC"). (ECF No. 4, p. 2). On December 2, 2025, an immigration judge entered an order directing Petitioner's removal to Jamaica. (ECF No. 10-2, p. 3). From the Court, he seeks either immediate release from custody or a bond hearing. (ECF No. 4). The Court will deny his request for the following reasons.

Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) because he was convicted of offenses that fall under § 1227(a)(2)(B)(i) – i.e., conspiring to distribute controlled substances. The Laken Riley Act mandated that immigration authorities detain aliens, like Petitioner, who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, Pub. L. No. 119-1 § 2, 139 Stat. 3, 3 (2025).

Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). The Supreme Court has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted).

The Court holds that Petitioner's detention pursuant to § 1226(c) without bond has not become unreasonable and does not violate due process. He has been in immigration detention for almost one year. His immigration proceedings have moved forward at a normal rate, without delay. Petitioner has not provided good reason to believe that his immigration proceedings will be unduly prolonged given that he was ordered removed on December 2, 2025, and there is no information before the Court that he has appealed. Petitioner has not shown that his current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center*. *See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/*. His detention there will terminate upon the conclusion of removal proceedings. The Court holds that Petitioner's ongoing detention serves the purpose for which § 1226(c) was enacted as it prevents him from

engaging in further criminal activity that rendered him subject to § 1226(c). Further, detention protects against flight as Petitioner faces deportation from the United States.

The Court would additionally note that it lacks jurisdiction to enjoin Petitioner's transfer. And as to Petitioner's other arguments (*e.g.*, entitlement to a James hearing, ineffective assistance of counsel, fourth amendment issues, claims concerning immigration judges, and family and medical claims), the Court finds them to be meritless and/or outside of its purview.

AND NOW, this 10th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE